IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LINDA TERRY, ET AL., PLAINTIFFS,

VS. CIVIL ACTION NO. 4:04CV269-P-B

NL INDUSTRIES, INC., ET AL., DEFENDANTS.

## ORDER

This matter comes before the court upon NL Industries, Inc.'s Motion to Dismiss Count Three of the Complaint [4-1]. Upon due consideration of the motion and the responses filed thereto the court finds as follows, to-wit:

The motion is not well-taken and should be denied. In the Fifth Circuit, a plaintiff who has not plead a fraud claim with the particularity required under Fed. R. Civ. P. 9(b) must be given an opportunity to amend his complaint, if requested, before the court will dismiss the claim under Rule 12(b)(6). In *Hart v. Bayer Corp.*, 1999 F.3d 239 n. 6 (5th Cir. 2000), the Fifth Circuit Court of Appeals wrote with regard to Rule 9(b):

> Typically, a plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To prevail on a motion to dismiss an ordinary claim under Fed. R. Civ. P. 12(b) or (c), a defendant must show that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Giibson*, 35 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). However, Fed. R. Civ. P. 9(b) imposes a heightened level of pleading for fraud claims: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Tuchman v. DSC Communication Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). Although the particularity demanded by Rule 9(b) differs with the facts of each case, *see Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992), a plaintiff pleading fraud must set forth "the who, what, when, and where ... before access to the discovery process is granted." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). Anything less fails to provide

defendants with adequate notice of the nature and grounds of the claim.
*See Tuchman*, 14 F.3d at 1067.

But a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibly result in dismissal of the complaint with prejudice to refiling. *See Cates v. International Telephone and Telegraph Co.*, 756 F.2d 1161, 1180 (5th Cir. 1985) ("But such deficiencies do not normally justify dismissal of the suit on the merits and without leave to amend, at least not in the absence of special circumstances.") Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so. *See O'Brien v. Nat'l Property Analysts Partners*, 936 F.2d 674, 675-76 (2d Cir. 1991).

In their response to the instant motion, the plaintiffs have requested amendment. The request should be granted. However, the defendant may refile its motion to dismiss in the event the amendment does not reveal "the who, what, when, and where" of the fraud claim. *Williams*, 112 F.3d at 178.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1)  NL Industries, Inc.'s Motion to Dismiss County Three of the Complaint [4-1] is hereby **DENIED**; and

(2) Plaintiffs shall have ten days from entry of this order to amend Count Three of their Complaint to comply with Fed. R. Civ. P. 9(b).

**SO ORDERED** this the 16th day of August, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE