# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LINDA TERRY, et al**                                           **PLAINTIFFS**

**VERSUS**                                      **CIVIL ACTION NO. 4:04CV269-P-B**

**N L INDUSTRIES, INC., f/k/a NATIONAL**
**LEAD COMPANY f/k/a DUTCH BOY**
**PAINTS; JERRY PURNELL; and, JOHN DOES 1-10**                  **DEFENDANTS**

## MEMORANDUM OPINION

This cause is before the Court on defendant N L Industries, Inc.'s Motion to Dismiss [36]. The Court, having reviewed the motion, the defendant's brief, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

## FACTUAL BACKGROUND

On December 28, 2004, N L Industries, Inc. moved for dismissal of Count Three of plaintiffs' Complaint based on a failure to alleged fraud with particularity as required by F.R.C.P. 9(b). Plaintiffs sought an opportunity to amend their complaint in order to remedy the deficiencies; the Court granted said request by way of Order entered August 16, 2005.

Plaintiffs filed their Amended Complaint on December 20, 2005. Defendant responded by filing a second Motion to Dismiss on January 5, 2006. The motion has been fully briefed and is ripe for decision.

## STANDARD OF REVIEW

Dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate if a party fails to state a claim under which relief can be granted. The allegations of the Complaint

must be accepted as true when the Court considers whether the plaintiffs have stated a cause of action. See Cramer v. Skinner, 931 F.2d 1020 (5th Cir. 1991); cert. denied, 112 S. Ct. 298, 116 L.Ed.2d 242, 60 U.S.L.W. 3057 (1991). Only the complaint and the allegations contained therein are to be considered in reaching a decision on a defendant's Rule 12(b)(6) motion to dismiss. The complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her/her claims which would entitle him/her to relief.

LEGAL ANALYSIS

In order to state an actionable claim for fraud requires allegations of a following elements: 1) a representation, its falsity; and its materiality; 2) a speaker, his knowledge of the statement's falsity or ignorance of its truth, and his intent that the representation be acted upon; and 3) a hearer, his ignorance of the statement's falsity, his reasonable reliance on the statement, and his proximate injury. Allen v. Mac Tools, Inc., 671 So.2d 636, 642 (Miss. 1996). Furthermore, F.R.C.P. 9(b) requires that allegations of fraud be pled with particularity, e.g., in addition to alleging each of the elements of fraud, plaintiffs must also allege the "circumstances constituting fraud" with specificity. Accordingly, to survive a motion to dismiss, plaintiff's Amended Complaint must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements are fraudulent." Williams v. WMX Techs., Inc., 112 F.3d 175, 178 (5th Cir. 1997). Stated differently, Rule 9(b) requires that the plaintiff adequately set forth the "who, what, when, where, and how of the alleged fraud." United States ex rel. Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d 899, 903 (5th Cir. 1997).

A careful review of the Amended Complaint reveals plaintiffs' failure to meet the strict standard. Despite numerous pages detailing the developing industry knowledge concerning the toxic

effects of lead exposure, Count Three still lacks the specificity requisite to a successful fraud claim. The only allegation pertaining to misstatements by NL appears in paragraph 101 of the Amended Complaint, wherein plaintiffs reference advertisements in the American Paint Journal, February 3, 1941, and the American Painter and Decorator, June 1949. Even so, the reference fails to identify the specific content of the alleged misstatements, nor do plaintiffs attach copies of the advertisements to the Amended Complaint.

As a further matter, even assuming that the Amended Complaint satisfies the who, what, when and where inquiries, the pleading suffers from another more basic flaw. Plaintiffs fail to satisfactorily allege how alleged misstatements by N L more than fifty years prior to the commencement of this action, induced any action or inaction on the part of plaintiffs. In short, nothing in the Amended Complaint establishes the necessary link between defendant's alleged misstatements and actions taken by plaintiffs in reliance thereon.[1]

## CONCLUSION

Based on the foregoing facts and analysis, the Court concludes that the defendant's Motion to Dismiss [36] is well-taken and should be granted. An Order will issue accordingly.

This, the 17th day of May, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs attempt to skirt this requirement in paragraph 110 of the Amended Complaint by averring that NL's misstatements led "J.D. Lanham and Associates, and its painter employees, to be unaware of the hazards associated with the application of Dutch Boy lead-containing paints upon the subject residence . . . which lead [sic] to the Plaintiffs injuries." Amended Complaint at p. 30. In view of plaintiffs' failure to cite any pertinent legal authority endorsing reliance by a third party nonplaintiff as an acceptable substitute for reasonable reliance by plaintiffs, this Court declines to forge new law.